IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JACK B. WILSON                                                                                         PLAINTIFF

V.                                              CIVIL ACTION NO.:  4:16CV91-SA-JMV

WEXFORD HEALTH SOURCES, ET AL.                                          DEFENDANTS

**ORDER**

The plaintiff has filed a motion to amend his complaint in this action, and a motion requesting the court order the defendants to arrange for him to have a CT scan with a lung tissue sample.  Upon due consideration, and for the following reasons, the court finds that both motions should be denied.

In his letter to the court and in his proposed motion to amend his pending § 1983 complaint, the plaintiff inquires about the medical records in his case.  The court notes that it has previously entered an order requiring the defendants to provide the plaintiff with, among other things, his medical records by August 1, 2016.  *See* doc. #16.  If the plaintiff does not receive said records by the due date, he may contact the court for assistance.

Also in his motion to amend, the plaintiff notes that the court's prior orders do not address his allegations against Dr. Thomas Lehman or the "American Credition Associate," presumably meant to refer to the American Correctional Association ("ACA").  Neither Dr. Thomas Lehman nor the ACA were listed in the plaintiff's initial complaint or his amended complaint as defendants, and they are not defendants in this action.  Moreover, their involvement in this matter appears to relate to the plaintiff's desire to file criminal conspiracy charges based on the medical care (or alleged lack thereof) he received while Christopher Epps was Commissioner of the Mississippi Department of Corrections.  Criminal proceedings are not

initiated in a § 1983 action, and the plaintiff has no right to have criminal charges brought against anyone. *See, e.g., Oliver v. Collins*, 914 F.2d 56 (5th Cir.1991) (holding there is no constitutional right to have someone else criminally prosecuted). Finally, the court notes that much of the plaintiff's motion addresses the circumstances and individuals involved in his criminal trial. The plaintiff cannot challenge his criminal conviction in a § 1983 proceeding; if he wishes to challenge the fact of his conviction, he must do so in a federal habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, the court finds that as none of the plaintiff's proposed amendments have merit, the instant motion [25] is **DENIED**.

Next, the court considers the plaintiff's motion for a medical examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. Rule 35 authorizes a court to "order a party whose mental or physical condition. . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). It is meant to allow an opposing party to seek an examination; it does not allow a party to obtain an examination of himself. *See ,e.g., Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003); *Adams v. Epps*, No. 08-CV-154, 2008 WL 4861926, at *1 (S.D. Miss. Nov. 10, 2008). Moreover, the court has no authority to require the Mississippi Department of Corrections to pay for an independent medical examination of the plaintiff for the purpose of proving his right to relief in this case. *See, e.g., Johnson v. Hubbard*, 698 F.2d 286 (6th Cir.1983) (holding right of access to courts does not include payment of witness fees). Accordingly, the plaintiff's motion for a CT scan [26] is **DENIED**.

**SO ORDERED** this the 18th day of July, 2016.

s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE